UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA GODOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FAMILY DOLLAR, INC.,<br><br>　　　　　Defendant. | No. 1:16-cv-00969-DAD-JLT<br><br>ORDER DENYING MOTION TO REMAND<br><br>(Doc. No. 7) |

This action was removed by defendant Family Dollar, Inc. from Kern County Superior Court (Case No. BCV-16-100386) on July 5, 2016.  (Doc. No. 1.)  Plaintiff filed a motion to remand on July 20, 2016, alleging the removal was untimely.  (Doc. No. 7.)  Defendant opposed this motion on August 23, 2016.  (Doc. No. 10.)  Plaintiff replied on August 29, 2016 (Doc. No. 11), and a hearing was held on September 6, 2016, at which attorney David Shay appeared telephonically on behalf of plaintiff and attorney Roger Backlar appeared telephonically on behalf of defendant.  The court has considered the submissions and arguments of counsel, and for the reasons discussed below, will deny the motion to remand.

**BACKGROUND**

Plaintiff's first amended complaint ("FAC"), filed March 4, 2016 in Kern County Superior Court, indicates this is a "trip-and-fall" action based on state law negligence claims, stemming from plaintiff's alleged fall over debris left on the floor of one of defendant's stores in

1

Bakersfield, California. (Doc. No. 1 at 19, 24.) Defendant filed an answer to the FAC on May 2, 2016 in state court. (Doc. No. 1 at 27.) The FAC indicates the amount in controversy was at least $25,000, but was otherwise and asserted only as "according to proof."[1] (Doc. No. 1 at 20, 22.) On June 14, 2016, plaintiff served a statement of damages on defendant indicating that more than $2 million in damages were being sought. (Doc. No. 1 at 37.) According to defendant, this was the first "other paper" filed in the suit demonstrating what the amount in controversy was in this action and thus providing a basis for removal of the matter on the basis of diversity jurisdiction to federal court. Plaintiff, for her part, claims defendant should have been aware of the amount in controversy based on a pre-suit demand letter sent to defendant in which $100,000 was demanded by plaintiff to settle the matter, thereby making the removal untimely and necessitating remand.

**LEGAL STANDARD**

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997); *Yocupico v. PAE Group, LLC*, 795 F.3d 1057, 1059 (9th Cir. 2015). Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. *City of Chicago*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Jordan v. Nationstar Mortgage, LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. § 1441 *et seq*. These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67.

---

[1] California law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See* Cal. Civ. Proc. Code § 425.10(b).

The time for removal to federal court is set by statute. *See* 28 U.S.C. § 1446(b). Generally, there are two separate thirty-day provisions that govern timeliness under the statute. First, a notice of removal must be filed within thirty days of defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, if the pleading does not indicate the case is removable, a defendant may remove within thirty days of receiving "a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Because the removal statute is strictly construed against removal jurisdiction, a defendant seeking to remove an action on diversity grounds in which the amount in controversy is unclear must "actually prov[e] the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566–67.

## ANALYSIS

Here, the parties dispute whether defendant's removal of this action was timely. Plaintiff asserts defendant knew the amount in controversy was more than the jurisdictional limit, based on a pre-suit demand letter sent to them, and therefore was required to remove this action to federal court within thirty days of the filing of the suit. Defendant asserts the complaint was not removable because, on its face, no amount in controversy was indicated and the time limit contemplated by 28 U.S.C. § 1446(b) is not triggered by pre-filing demand letters.

The court concludes there is binding circuit precedent on this specific issue. In *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876 (9th Cir. 2010), the plaintiff moved to remand a diversity case, alleging the defendant's removal was untimely because the defendant "should have been aware that the case was removable based on the $25,000 settlement demand" the plaintiff had made prior to filing the suit. 629 F.3d at 885. Interpreting 28 U.S.C. § 1446(b), the same statutory provision at issue here, the Ninth Circuit Court of Appeals noted:

> It is axiomatic that a case cannot be removed before its inception. If the second paragraph of section 1446(b) were meant to include as "other paper" a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal "be filed within thirty days after receipt by the defendant" of the "other paper" would be nonsensical. Moreover, that the second paragraph lists "an amended pleading, motion, order"—all

> documents which logically cannot predate the initial pleading—before "or other paper" leads us to conclude that "other paper" does not include any document received prior to receipt of the initial pleading. *See United States v. Williams*, 553 U.S. 285, 294, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) (noting that "the commonsense canon of *noscitur a sociis* . . . counsels that a word is given more precise content by the neighboring words with which it is associated"). Accordingly, we conclude that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period.

*Id.* at 885–86.

To the extent plaintiff argues defendant's subjective awareness of the potential amount in controversy made the FAC—which did not specify the damages sought—removable upon filing, that argument is also foreclosed by the decision in *Carvalho*. As the Ninth Circuit said in that case:

> We also reject Carvalho's suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods. In *Harris* [*v. Bankers Life and Casualty Co.*, 425 F.3d 689 (9th Cir. 2005)], we held that the first thirty-day removal period comes into play only if removability is ascertainable from "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." 425 F.3d at 694. We adopted this "bright-line approach" to "avoid[ ] the spectre of inevitable collateral litigation over . . . whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Id.* at 697. We would eviscerate our holding in *Harris* if we required defendants to rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable.

*Id.* at 886.[2]

/////

---

[2] The court finds plaintiff's attempts to distinguish *Carvalho* both in her briefing and at oral argument on the basis of the "jurisdictional clue" language to be unpersuasive. It is true the defendants in *Carvalho* would have been required to multiply the amount potentially payable for each individual claim by the number of potential class members in order to realize the jurisdictional amount required under the Class Action Fairness Act was exceeded. *Carvalho*, 629 F.3d 885. Nothing in that opinion, however, suggests the Ninth Circuit adopted this bright-line rule so defendants would not have to do math. Rather, as the language quoted above indicates, the court adopted a bright-line rule to avoid inquiries about whether the defendant had actual or constructive knowledge of the amount in controversy, the very question plaintiff wishes the court to ask here.

1        Plaintiff cites no Ninth Circuit or Supreme Court authority which calls the rules set out in
2 *Carvalho* into question. Instead, plaintiff presents a number of non-binding decisions, including
3 *Krueger v. Kissinger*, 37 F. Supp. 3d 1200 (D. Colo. 2014), *Lulianelli v. Lionel, LLC*, 183 F.
4 Supp. 2d 962 (E.D. Mich. 2002), *Bragg v. Kentucky RSA # 9-10, Inc.*, 126 F. Supp. 2d 448 (E.D.
5 Ky. 2001), *Huntsman Chemical Corp. v. Whitehorse Technologies, Inc.*, Case No. 97 C 3842,
6 1997 WL 548043 (N.D. Ill. 1997), and *Mielke v. Allstate Insurance Co.*, 472 F. Supp. 851 (E.D.
7 Mich. 1979), presumably in an attempt to convince this court to rule in a manner inconsistent
8 with binding circuit precedent. This is an invitation the court must decline. *See, e.g.*, *Hart v.*
9 *Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority, . . .
10 has no choice but to follow it, even if convinced that such authority was wrongly decided.").
11 Plaintiff's arguments are therefore unpersuasive. Plaintiff has cited no subsequent binding
12 authority overturning *Carvalho*, and this court has not found any in its own research. In fact, the
13 court's research reveals that the decision in *Carvalho* has been reaffirmed by the Ninth Circuit.
14 *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (affirming
15 *Carvalho*); *see also Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1190 (9th Cir. 2015) (citing
16 the decisions in *Carvalho* and *Kuxhausen* favorably); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234,
17 237–38 (9th Cir. 2014) ("[T]he thirty day time period [for removal] . . . starts to run from
18 defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its
19 face the facts necessary for federal court jurisdiction.") (quoting *Harris v. Bankers Life & Cas.*
20 *Co.*, 425 F.3d 689, 691–92 (9th Cir. 2005)). Indeed, judges of this court have previously applied
21 *Carvalho* exactly as defendant suggests it be applied here and the undersigned can discern no
22 reason to deviate from that course, even if there were not binding precedent. *See Cleveland v.*
23 *West Ridge Academy*, No. 1:14-cv-01825-SKO, 2015 WL 164592 (E.D. Cal. Jan. 13, 2015);
24 *Cleveland v. West Ridge Academy*, No. 1:14-cv-00977-SKO, 2014 WL 4660990 (E.D. Cal. Sept.
25 17, 2014).
26        The only Ninth Circuit case plaintiff suggests runs counter to *Carvalho* is *Cohn v.*
27 *Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002). In *Cohn*, the defendant had removed based on
28 diversity jurisdiction. *Id.* at 839. The plaintiff filed a motion to remand, in opposition to which

1 the defendant submitted a settlement letter showing the plaintiff valued the case at more than
2 $100,000, which was beyond the jurisdictional limit. *Id.* at 839–40. Nothing in *Cohn*, however,
3 indicates the settlement letter involved was a *pre-suit* demand letter, making it inapposite to the
4 current case. Clearly, a settlement letter sent after the complaint is filed might be relevant in
5 demonstrating either the amount in controversy or the defendant's awareness thereof. However,
6 binding circuit precedent specifically instructs both that a pre-suit demand letter cannot constitute
7 "other paper" within the meaning of 28 U.S.C. § 1446(b) and that such a document cannot be
8 read in context with an indeterminate complaint to create a hybrid removal period. *See Carvalho*,
9 629 F.3d at 885–86.

## CONCLUSION

Based on the reasons set forth above, plaintiff's motion to remand (Doc. No. 7) is denied.

IT IS SO ORDERED.

Dated: **September 15, 2016**

_____
UNITED STATES DISTRICT JUDGE